# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM E. BROWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 4:19-cv-00179-CDP |
| | ) | |
| STANLEY PAYNE, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner William E. Brown's "Motion for Probation Time Credit," which has been construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1). For the reasons discussed below, the petition must be summarily dismissed as it does not state a denial of a constitutional right and because petitioner has not exhausted his state remedies.

## Background

Petitioner was charged in state court with driving with a revoked license, resisting a lawful stop, three counts of exceeding the speed limit, failing to register a motor vehicle, and failing to yield to an emergency vehicle. *State of Missouri v. Brown*, No. 15SO-CR00479-01 (33rd Cir., Scott County).[1] On October 19, 2015, he pled guilty to resisting a lawful stop and failing to yield to an emergency vehicle, in exchange for the balance of the charges being dismissed. That same day he was given a suspended four-year sentence and five years of supervised probation.

---

[1] Petitioner's case was retrieved from Case.net, Missouri's online case management system.

On June 28, 2018, petitioner's probation was revoked. The circuit court thereafter ordered the previously-imposed four-year sentence to be executed. He filed a motion for probation time credit in the circuit court on August 17, 2018. That motion has not been ruled upon.

**The Petition**

Petitioner filed the instant "Motion for Probation Time Credit" on January 31, 2019. (Docket No. 1). The document is nearly identical to the motion filed in the circuit court. The Court has construed this motion as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2]

Petitioner states that from October 19, 2015 to June 22, 2017, he "served 611 uneventful and violation free days of probation." (Docket No. 1 at 1). Thereafter, from June 23, 2017 to December 20, 2017, he "successfully served another 180 days of uneventful…probation." Since December 20, 2017, petitioner has been incarcerated at the Eastern Reception, Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri. (Docket No. 1 at 2). He was incarcerated due to a revocation of his probation. Since being placed in ERDCC, he states that he has received no conduct violations and has earned a letter of commendation from his work release supervisor.

Petitioner states that his earliest possible parole date is June 27, 2020. He asserts that he "has great difficulty believing" that the circuit court intended "such a severe term of incarceration." Petitioner further states that under Missouri law, parole time is automatically credited towards an offender's sentence. While acknowledging that probation time may be

---

[2] Petitioner is seeking to have this Court order the circuit court to credit the time he served on probation against his sentence of incarceration, thereby reducing his sentence and providing for a speedier release. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

credited at the sentencing court's discretion, he argues that "probation time is not so different in substance from parole time, [and] the difference is in the governing statutes alone." As such, he seeks credit for the approximately 790 days of violation-free probation time he served before being sentenced on his revocation.

**Discussion**

Petitioner has filed a petition seeking to have the time he served on probation credited against his sentence of incarceration. For the reasons discussed below, the petition must be summarily dismissed.

**A. Failure to State a Constitutional Claim**

Petitioner's petition must be dismissed because it does not allege that he is being held in custody in violation of the Constitution or laws of the United States, and is thus not cognizable under § 2254.

Pursuant to § 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). To that end, "it is not the province of a federal habeas court to reexamine state-court determinations on state law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Rather, a federal court conducting habeas review is limited to deciding whether a petitioner's conviction violated the Constitution, laws, or treaties of the United States. *Gee v. Groose*, 110 F.3d 1346, 1349 (8th Cir. 1997). The instant petition, relating to petitioner's request that the Court grant him discretionary probation time credit against his sentence, does not state a cognizable constitutional claim under § 2254.

The United States Supreme Court has stated that there "is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). However, a state's statutes and regulations may create a liberty interest that is entitled to protection. *See Marshall v. Mitchell*, 57 F.3d 671, 672 (8th Cir. 1995) (stating that the "due process clause does not guarantee an inmate a right to parole, but a State's parole statutes and regulations may create a liberty interest that is entitled to due process protection"). For state law to create a liberty interest, there must be substantive limitations placed on official discretion. *Swenson v. Trickey*, 995 F.2d 132, 134 (8th Cir. 1993). Specifically, a "liberty interest is created if state law contains substantive predicates to the exercise of discretion and specific directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow." *Id*.

Here, petitioner is alleging that he should receive credit against his incarceration for the approximately 790 days he served on probation. In Missouri, a sentence of imprisonment commences "when a person convicted of an offense…is received into the custody of the department of corrections or other place of confinement where the offender is sentenced." Mo. Rev. Stat. § 558.031.1. This statute further states, in relevant part, that:

> [s]uch person shall receive credit toward the service of a sentence of imprisonment for all time in prison, jail or custody after the offense occurred and before the commencement of the sentence, when the time in custody was related to that offense, except…(3) As provided in section 559.100.

*Id*. Section 559.100 governs the power of circuit courts to place persons on probation or parole. Mo. Rev. Stat. § 559.100.1. The section further provides that "[t]he circuit court may, in its discretion, credit any period of probation or parole as time served on a sentence." Mo. Rev. Stat. § 559.100.2. Thus, the circuit court is given the discretion as to whether or not it will award

4

credit to a prisoner for time served on probation. *Donaldson v. Crawford*, 230 S.W.3d 340, 343 (Mo. 2007).

As noted above, for state law to create a liberty interest, there must be substantive limitations placed on official discretion. The statute governing the awarding of probation time credit, however, has no substantive limitation. Rather, the plain language of the statute, underscored by the Missouri Supreme Court, makes clear that the circuit court is given discretion to determine whether such credit will be applied. Because the statute is discretionary, it does not create a liberty interest. This is purely a matter of a state court applying state law in determining an individual's sentence. As there is no constitutional interest at stake, the Court does not have the authority under § 2254 to grant petitioner the relief he seeks. Therefore, his petition must be summarily dismissed.

### B. Failure to Exhaust

Even if petitioner's petition was cognizable under § 2254, it would still be subject to dismissal because he has not exhausted his state remedies.

A petitioner in state custody seeking relief pursuant to 28 U.S.C. § 2254 must first exhaust available state remedies before pursuing federal habeas relief. *Wayne v. Missouri Bd. of Probation & Parole*, 83 F.3d 994, 996 (8th Cir. 1996). *See also White v. Wyrick*, 651 F.2d 597, 598 (8th Cir. 1981) (stating that "[i]t is elementary that a § 2254 petitioner must exhaust available state remedies before he is entitled to relief in federal court"). This provides the state an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). To exhaust state remedies, a petitioner must fairly present his claim in each appropriate state court. *Nash v. Russell*, 807 F.3d 892, 898 (8th Cir. 2015). This requires him to submit not only the facts, but also the substance of his federal habeas claim to the

state court. *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996). Specifically, in order "to satisfy the 'fairly presented' requirement, a petitioner is required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Barrett v. Acevedo*, 169 F.3d 1155, 1161-62 (8th Cir. 1999).

Review of petitioner's state case shows that he has filed a motion in the circuit court that is similar to the petition before this Court. As noted above, the state must be given the opportunity to review and correct alleged violations before petitioner can seek federal habeas relief. The circuit court has not yet ruled upon the motion, much less the Missouri Court of Appeals or the Missouri Supreme Court. It is thus plainly apparent that petitioner has not yet exhausted his state remedies and his petition must be dismissed.

**C. Summary Dismissal**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Here, it is plainly apparent that petitioner's case is not cognizable under 28 U.S.C. § 2254, and even if it were, he has failed to exhaust his state remedies before filing his federal action. Therefore, the Court must dismiss his petition.

**D. Certificate of Appealability**

Because petitioner has not made a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c); and *Slack v. McDaniel*, 529 U.S. 473, 483-95 (2000).

E. **Motion for Leave to Proceed in Forma Pauperis**

Petitioner has filed a motion for leave to proceed in forma pauperis. (Docket No. 2). Having reviewed the motion and the financial information contained therein, the Court finds that the motion should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1) is **DENIED AND DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

Dated this 13th day of May, 2019.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE